IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL HAILEY,

    Plaintiff,

v.

DAVID ROSS,

    Defendant.

No. 2:15-cv-02047-HZ

OPINION & ORDER

Michael Hailey
SID #7268337
Oregon State Correctional Institution
3405 Deer Park Drive SE
Salem, OR 97310-9385

    Plaintiff Pro Se

Sharia Mayfield
Michael Washington
Oregon Department of Justice
Trial Division
1162 Court Street, NE
Salem, OR 97301

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff Michael Hailey, an inmate in the custody of the Oregon Department of Corrections, brings this 42 U.S.C. § 1983 lawsuit against Defendant David Ross, a correctional officer. Plaintiff refuses to obey this Court's orders that he be deposed. Therefore, the Court grants Defendant's motion to dismiss this case.

BACKGROUND

Plaintiff, along with Bobby Hillman, filed this lawsuit on October 29, 2015. Compl., ECF 1. In August of 2016, Mr. Hillman reached a settlement with Defendant and the parties stipulated that Mr. Hillman's claims would be dismissed from the case. Judgment of Dismissal, ECF 17. At that point, Mr. Hailey was not represented by counsel.

On October 25, 2016, this Court held a status conference with the parties and asked Mr. Hailey whether he wanted the Court to appoint an attorney to represent him. Minutes, ECF 24. Because Mr. Hailey wanted an attorney, the Court appointed Matthew Miller as pro bono counsel. Order, ECF 25. The parties held another status conference on November 28, 2016, in which they agreed that discovery would be completed by April 21, 2017 and a trial would take place in September of 2017. Minutes, ECF 29.

A dispute arose among the parties as to whether Mr. Hailey was required to submit to a deposition. On March 22, 2017, this Court granted Defendant's Motion to Depose Mr. Hailey. Minutes, ECF 39. However, on April 4, 2017, the scheduled date for the deposition, Mr. Hailey informed Mr. Miller and Defendant's attorneys that he would not submit to a deposition. Mayfield Decl. ¶ 2, ECF 52. The Court held a telephone hearing the same day and, once again, ordered Plaintiff to submit to a deposition. Minutes, ECF 50. The Court instructed Mr. Miller to warn Plaintiff that, if he disobeyed the Court's order, his case would be dismissed. *Id.*; Mayfield

Decl. ¶ 9. The following day, Mr. Miller informed Defendant's counsel that he had explained the Court's order to Plaintiff but Plaintiff refused to be deposed. Mayfield Decl. ¶ 12.

On April 5, 2017, Defendant filed the present Motion to Dismiss. Mot. Dismiss, ECF 51. On April 17, 2017, this Court granted Mr. Miller's Motion to Withdraw as Counsel of Record for Plaintiff. Order, ECF 59. In support of Mr. Miller's motion, he submitted a declaration in which he attested that Plaintiff had instructed him not to file a response to the Motion to Dismiss or Defendant's discovery requests. Miller Decl. 2, ECF 56.

## STANDARDS

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure,

> The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . . Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(b)(2)(A)(v) provides for dismissal of the action as a sanction. However, "[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's noncompliance must be due to willfulness, fault or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry,* 983 F.2d at 948 (quoting *Fjelstad,* 762 F.2d at 1341.)

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Subject to a few exceptions detailed in the Rule, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The Court must weigh five factors to determine whether dismissal is warranted:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Moss v. The City of Los Angeles*, No. 12-57117, 2016 WL 5224360, at *1 (9th Cir. Sept. 22, 2016) (citing *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010)). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied,* 498 U.S. 1109 (1991)). Dismissal may be affirmed when at least four factors favor dismissal or at least three factors strongly favor dismissal. *Calloway v. Hayward*, 651 F. App'x 637, 639 (9th Cir. 2016) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

## DISCUSSION

The Court ordered that Plaintiff appear at a deposition and be deposed. While Plaintiff appeared at his deposition, he refused to be deposed. In response, the Court issued a second order to Plaintiff, ordering him to be deposed and warning him that his case would be dismissed if he failed to comply. Plaintiff still refused to be deposed and, further, instructed his appointed counsel not to respond to Defendant's Motion to Dismiss. Based on Plaintiff's flagrant disregard of the discovery process and this Court's orders, the Court dismisses his case.

The Court applied the Ninth Circuit's five-factor balancing test in order to reach its decision. This action has been pending for a year and a half; therefore, the public's interest in expeditious resolution of litigation favors dismissal. *See, e.g., Calloway*, 651 F. App'x at 639

(first factor "always favors dismissal") (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

As to the Court's need to manage its docket, Plaintiff's refusal to participate in a deposition and obey this Court's orders causes unnecessary delay, which also weighs in favor of dismissal. Plaintiff's case "has consumed some of the court's time that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642 (noting that "it is incumbent upon the court to manage its docket without being subject to routine noncompliance of litigants").

Regarding the risk of prejudice to Defendant, Plaintiff's refusal to be deposed deprives Defendant of the opportunity to properly defend itself from suit, which weighs in favor of dismissal. The fourth factor, the public policy favoring disposition of cases on their merits, inherently weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. Finally, the last factor, the availability of lesser sanctions, weighs in favor of dismissal. "[A] warning that dismissal will result from disobeying a court order can constitute adequate consideration of alternatives[.]" *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).

## CONCLUSION

All of the factors except for the public policy favoring disposition of cases on their merits favor dismissal. Accordingly, Defendant's Motion to Dismiss [51] is granted.

IT IS SO ORDERED.

Dated this \_\_\_10\_\_\_ day of \_\_\_May\_\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge